IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Lian J. Ross,<br>    Petitioner,<br><br>v.<br><br>Warden, Hampton Roads Regional Jail,<br>    Respondent. | )<br>)<br>)<br>)   1:14cv1698 (CMH/JFA)<br>)<br>)<br>) |

MEMORANDUM OPINION

Lian J. Ross, a Virginia inmate proceeding pro se,[1] has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction of probation violation entered in the Gloucester County Circuit Court. Respondent has filed a Rule 5 Answer and a Motion to Dismiss with a supporting brief, and has provided petitioner the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). In response, petitioner has filed a Counter-Affidavit to Respondent's Rule 5 Answer and Motion to Dismiss. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed for petitioner's failure to exhaust the claims presented. Petitioner's pending motions for an extension of time and appointment of counsel will be denied, as moot.

I. Background

Petitioner states that he was convicted of what he describes as a "technical" violation of his probation in the Gloucester County Circuit Court in the fall of 2011. Pet. at 1. He thereafter filed an application for a state writ of habeas corpus in the Gloucester County Circuit Court,

---

[1] Although petitioner is confined at a regional jail, respondent clarifies that he is a state responsible inmate. Resp. Mem. at 1.

raising the same claims he makes in this federal proceeding. Pet. at 2, 6. Relief was denied, and petitioner perfected no appeal of that result in the Supreme Court of Virginia. Pet. at 6. Petitioner also sent a Notice of Tort Claim to the Virginia Attorney General's Office. Pet. at 4.

On April 23, 2015, respondent filed a Rule 5 Answer and a Motion to Dismiss with a supporting memorandum, arguing that the petition must be dismissed as the claims raised are unexhausted and procedurally barred. In response, petitioner filed a "Counter-Affidavit" admitting that his claims have not been presented to the Supreme Court of Virginia.[2] Accordingly, this matter is now ripe for disposition. For the reasons which follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

## II. Analysis

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his §

---

[2]In its order directing respondent to show cause why petitioner's claims should not be granted, the Court directed respondent to have the records of petitioner's state court proceedings forwarded to this court, "if pertinent and available." Dkt. 12 at 2. No state court records have been filed with this court. However, on the face of the initial petition and in the "Counter-Affidavit" he has submitted in response to the Motion to Dismiss, petitioner does not contest that the claims he raises here have not been presented to the Supreme Court of Virginia. Under these circumstances, it is unnecessary to have access to the state court records to determine that the petition's claims are unexhausted.

2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Here, since petitioner concededly perfected no appeal to the Supreme Court of Virginia after the trial court denied relief on his current claims, see Dkt. 19, the claims remain unexhausted.

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Here, petitioner's unexhausted claims are incapable of exhaustion, because the thirty-day period during which he could have noticed an appeal of the denial of his state habeas corpus petition to the Supreme Court of Virginia has expired. Cf. Va. Supr. Ct. R. 5:9. Therefore, the claims are procedurally defaulted.

Federal courts may not review barred claims absent a showing of cause and prejudice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied sub. nom

Kornahrens v. Moore, 517 U.S. 1171 (1996).

In his "Counter-Affidavit," petitioner states that when he filed his petition for habeas corpus relief in the Gloucester Circuit Court in October, 2014, the Clerk's Office returned the petition with a note stating that it was not properly notarized. Dkt. 19 at 1. After petitioner demonstrated that the documents were properly notarized, the Clerk's Office returned them again with a notation that service was not properly perfected on the Virginia Department of Corrections. Id. Petitioner "outlined problems with getting documents notarized, copies made etc. and Gloucester County Clerk's Office neither responded or returned the documents." Id. Petitioner contends that these actions demonstrate that "Gloucester County Circuit Court is colluding with the Gloucester County Probation and Parole Dept. to keep this case from being heard on its merits and using false, petty, technical excuses to keep the case from being heard." Id. at 1-2.

Petitioner's explanation falls short of demonstrating cause for the procedural default of his current claims. First, it is unclear from petitioner's description whether the difficulties he describes were encountered when he filed the habeas petition itself, or later, when he tried unsuccessfully to file an appeal. Only the latter would be relevant to his current situation. But assuming without deciding that it was an appeal of the denial of his habeas corpus application that petitioner was thwarted from filing, his description of events do not suggest that a "factor external to the defense ... impeded compliance with the state procedural rule[s]." Rather, it appears that petitioner himself failed to comply with the requirements that his court papers be properly notarized and served on the respondent.

Petitioner's also appears to contend that providing a Notice of Tort Claim to the Attorney

4

General should be deemed to have achieved exhaustion because " the claims and affidavits and facts are essentially interchangeable for both habeas actions and the Tort Claim," Dkt. 19 at 2, but his argument is misplaced. As noted above, compliance with the exhaustion requirement requires that a state prisoner "complete [one] round of the State's established appellate review process," O'Sullivan, 526 U.S. at 845, and that each claim he wishes to raise in federal court must first have been reviewed by the Supreme Court of Virginia. Duncan, 513 U.S. at 364. The asserted fact that petitioner presented tort claims to the Attorney General thus is irrelevant to the determination of whether exhaustion of a habeas claim has been achieved. Because petitioner has not brought the claims he raises here in the Supreme Court of Virginia, and because the time during which he could do has expired and he has failed to show cause and prejudice for that default, the claims must be dismissed.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed, with prejudice. Petitioner's pending motions will be dismissed, as moot. An appropriate Order shall issue.

Entered this 1st day of July 2015.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia